UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Ricardo Facey**, | ) C/A No. **4:08-00270-RBH-TER** |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) FOR |
| | ) PARTIAL SUMMARY DISMISSAL |
| Larry W. Power, Director of Spartanburg County Jail; Sheriff Chuck Wright; Cpt. R.H. Brown, Highway Patrol; Tow Truck Company; Larry Crane, Att, | ) |
| Defendants. | ) |

Ricardo Facey (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] At the time Plaintiff filed this action, he was incarcerated at the Spartanburg County Detention Center, and he filed this action *in forma pauperis* under 28 U.S.C. § 1915. In his complaint, Plaintiff alleges various constitutional violations regarding his arrest and the conditions of his confinement. The complaint names Larry W. Power, Sheriff Chuck Wright, Cpt. R. H. Brown, Tow Truck Company and Larry Crane as Defendants.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As Plaintiff is a pro se litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, this *pro se* complaint is subject to summary dismissal as to Defendants Tow Truck Company and Larry Crane. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

**Discussion**

Plaintiff brings this complaint as a civil rights action under 42 U.S.C. § 1983 alleging various constitutional violations regarding his arrest and the conditions of his confinement. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Regardless of whether Plaintiff has alleged a deprivation of a federal right, it is clear that he has failed to allege any state action by Defendants Tow Truck Company and Larry Crane.

Plaintiff does not allege any facts against Defendant Tow Truck Company. Plaintiff's only mention of Defendant Tow Truck Company in the complaint occurs when Plaintiff alleges that Defendant Larry Crane was "ineffective" because he allowed Defendant Tow Truck Company to tamper with plaintiff's property. (Compl. at 4.) In his complaint, Plaintiff indicates that the name

2

of Defendant Tow Truck Company is "unknown." (Compl. at 2.) However, the actual name of this company Defendant is irrelevant because Plaintiff fails to allege any facts indicating Defendant Tow Truck Company is a state actor. Defendant Tow Truck Company should be dismissed as a Defendant in this action.

Defendant Larry Crane is an attorney retained by Plaintiff. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).[2] There is no state action by Defendant Larry Crane. Defendant Larry Crane should be dismissed as a Defendant in this action.

**Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case as to Defendants Tow Truck Company and Larry Crane *without prejudice* and without issuance and service of process for these Defendants. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319, 324-25; *Haines v. Kerner*, 404 U.S. at 519; *Brown v. Briscoe*, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 70; 28 U.S.C.

---

[2]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. However, federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

3

§ 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Process shall issue for service of the remaining Defendants.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

April 22, 2008
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).